**CONTRACTORS CARGO COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. No. 67–1655.

United States District Court
C. D. California.

May 9, 1969.

Todd, Dillon & Sullivan, by William P. Sullivan, Clarence D. Todd, and Martin Sterenbuch, Washington, D. C., Mitchell, Silberberg & Knupp, by Charles A. Collier, Jr., Los Angeles, Cal., for plaintiff.

Donald F. Turner, Asst. Atty. Gen., Civil Division, and John H. D. Wigger, Atty., Civil Division, Department of Justice, Washington, D. C., and Wm. Matthew Byrne, Jr., U. S. Atty., for Central District of California, by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for defendant United States of America.

Robert W. Ginnane, General Counsel, and Nahum Litt, Atty., General Counsel's Office, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

## OPINION

Before BARNES, Circuit Judge, CLARKE, Chief District Judge, and GRAY, District Judge.

CLARKE, Chief District Judge:

Plaintiff, a contract carrier of construction equipment and material, seeks

to enjoin enforcement of, and to set aside, an order of defendant Interstate Commerce Commission requiring plaintiff to cease and desist from conducting certain operations.

Alternatively, plaintiff asks the court to permit it to continue present operations pending the filing and determination by the Commission of an application for common carrier authority.

Three other carriers, parties to the proceeding before the Interstate Commerce Commission, have intervened as parties defendant.

Plaintiff is a California corporation conducting business in the states of California, Arizona, Nevada, New Mexico, Oregon, and Washington. It operates under a permit issued by the Interstate Commerce Commission, which permit authorizes transportation over irregular routes of

"Construction materials and contractors' machinery, supplies and equipment,

"(1) From Los Angeles, Calif., Harbor points to sites of construction projects in California within 250 miles thereof, with no transportation for compensation on return except as otherwise authorized;

"(2) Between railheads in California, Arizona, New Mexico, Oregon, Washington, and Nevada, and construction projects or other points of use in California, Arizona, New Mexico, Oregon, Washington, and Nevada, within 100 miles of such railheads; or between such construction projects or points of use and the nearest railhead, when none is located within 100 miles thereof."

At issue is the question whether the permit is a grant of radial or nonradial authority. (In radial service, the carrier is limited to shipments moving from or to a designated base point. In nonradial service, the carrier may operate within a described territory without reference to a base point.)

The permit was issued initially to Ellsworth Pexton of Los Angeles, doing business as Santa Fe Truck Company. Pexton transferred the permit to Constructors Transport Co., and the latter transferred it to William A. Hufnagel, doing business as Contractors Cargo Company. Plaintiff corporation acquired the permit by assignment from Hufnagel.

By various transfers of corporate stock during 1962 and 1963, Clark & Wheeler Engineering Co., Inc., acquired all stock of plaintiff corporation.

By application filed with the Commission March 2, 1962, plaintiff sought clarification of its permit and additional authorization to operate as a contract carrier by motor vehicle, over irregular routes, of construction materials and contractors' machinery, supplies and equipment, between points within a radius of 100 miles of all railheads in the six states and construction projects or other points of use within a radius of 100 miles of such railheads.

Plaintiff describes its application for extension of operating authority as a "safeguard" filed only to protect the carrier in the event the Commission disagreed with plaintiff's interpretation of its existing permit.

A number of other carriers filed a complaint with the Commission alleging plaintiff was conducting operations beyond the scope of its authority. The Commission also instituted its own investigation. The complaint proceeding, the investigation, and plaintiff's application for clarification were consolidated, and the matter was referred to a hearing examiner.

Following a hearing, the examiner issued a recommendation and order finding the permit "contains provisions reflecting error or inadvertence, in that such permit fails to coincide with the findings and intention of the Commission." He recommended that the existing permit be canceled and a new one issued.

The parties filed exceptions and replies to the examiner's report. Thereafter,

the Commission, Division 1, issued its decision holding in part:

"After carefully reviewing these pertinent parts of applicant's permit, we are unable to conclude whether radial or nonradial operations were authorized in the first paragraph quoted above, and in other respects we find the language employed in the above-quoted passages to be contradictory and unclear. Consequently, we conclude that applicant's permit is patently indefinite and ambiguous and that the record in the proceedings underlying applicant's permit must be examined in order to aid in its interpretation."

That record [Pexton Extension of Operations—Coast States, 13 M.C.C. 369 (1939)] shows the authorization sought was "between railheads in the States of California, Arizona, New Mexico, Oregon, Washington, and Nevada, on the one hand, and sites of adjacent construction projects in the same States, on the other."

In proceedings preliminary to issuance of the Pexton permit, the examiner stated:

" * * * The predominant movement is, of course, from railhead to construction sites. There is, however, a small return movement of excess materials and used equipment, machinery, and supplies. Operation in either direction between railheads and construction projects will be authorized."

The Division concluded, in part:

"It is clear, therefore, that both the first and second paragraphs of the pertinent parts of applicant's permit contemplate radial operations between railheads, on the one hand, and, on the other, construction projects or other points of use; that the 100-mile radius in the first paragraph must be drawn from the 'railhead' actually used by applicant in serving a particular construction project or point of use * * *."

The decision subsequently was affirmed by the full Commission.

The Commission issued a cease and desist order September 1, 1967, barring plaintiff "from exceeding the territorial scope of its permit." The order was to have become effective November 16, 1967.

This Court issued a temporary restraining order November 14, 1967, restraining the Commission from enforcing its order.

Plaintiff seeks review only of the Commission's determination of the territorial scope of its permit as being radial rather than nonradial, and of the cease and desist order.

Plaintiff argues that the Commission failed to apply proper principles governing interpretation of the permit, ignored the rules applicable to delineation of radial and nonradial operating authority, erred in finding the permit patently ambiguous, erred in referring to extraneous matters for the purpose of construing the permit, and failed to consider plaintiff's status as an innocent purchaser.

An affidavit of Gerald J. Wheeler, vice president of plaintiff corporation, states that officers, directors and shareholders of Clark & Wheeler acquired the stock under the belief plaintiff's permit authorized it to engage in nonradial operations, and the business has been conducted in accordance with such understanding. At the time this proceeding was commenced, nonradial operations accounted for approximately 85 per cent of plaintiff's revenue from interstate operations. Various contracts then in force provided for the carrier to render nonradial service.

■■ Construction of the extent of transportation authorized by a certificate or a permit is for the Commission. Service Storage & Transfer Co. v. Com. of Virginia, 359 U.S. 171, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959). The Court will not set aside nor modify such orders if they are within the compass of the Commission's statutory authority, are not completely unreasonable, and are based on adequate findings supported by substantial evidence from the record. T. I. McCormack Trucking Co. v. United States, 251 F.Supp. 526 (D.N.J.1966); Malone Freight Lines v. United States, 107 F.Supp. 946 (N.D.Ala.1952), aff'd.

344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 (1953).

 The threshold question is whether the certificate is indeed ambiguous on its face. The certificate speaks for itself, unless it be patently indefinite or ambiguous. Absent such ambiguity, extraneous matters may not be referred to in order to interpret the permit, particularly when it is held by an innocent purchaser. McCormack Trucking Company v. United States, supra.

Plaintiff accords great significance to absence from the permit of the words "between * * * on the one hand, and on the other * * *" which commonly are used to designate radial authority (National Moving & Warehouse Corp. v. I.C.C., 48 F.Supp. 284, 285 (S.D.N.Y.1942). The Commission also notes the lack of these words would ordinarily indicate a grant of authority to conduct unlimited nonradial operations between all the described points; but it found the language of the permit not sufficiently clear and concise as to indicate conclusively that a nonradial grant was intended.

No case has been cited, either to this Court or in the course of the Commission proceedings, wherein radial authority has been granted without use of the words above quoted. Neither does it appear that the phrase is a touchstone by whose presence or absence the permit must be construed.

Plaintiff interprets the second paragraph of its permit to authorize nonradial operation between any two railheads in the six states, between any two construction projects or other points of use in those states within 100 miles of any railhead in the six states, and between a railhead in any of the named states and a construction project or other point of use in the states within 100 miles of a railhead, or, where there is no railhead within 100 miles of a particular construction project or point of use, between the project or point of use and the nearest railhead.

The permit likewise may be construed, without violence to the language, as allowing radial service between railhead and construction project or other point of use within the circumscribed area.

 The Court finds the certificate is ambiguous, and the Commission properly resorted to the record to aid in its construction. The Court further finds the Commission's order is within its statutory authority, is reasonable, and is based on adequate findings supported by substantial evidence in the record.

Plaintiff urges that as a good faith purchaser it is entitled to rely on its original interpretation of the language of the permit. A good faith purchaser does not merit special consideration where the language of the permit presents such a glaring error or inconsistency that he should be put on guard. McCormack Trucking Company v. United States, *supra*.

The temporary restraining order will be vacated, and judgment granted for defendants. Counsel for defendants are directed to prepare findings of fact and conclusions of law and judgment in conformity herewith.